UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATARE MABEMBERE,

Petitioner,

v.

BRUCE SCOTT et al.,

Respondents.

Case No. 2:26-cv-03998-TMC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION AND BACKGROUND

Petitioner Matare Mabembere is a 32-year-old noncitizen and asylum seeker from Tanzania who has lived in the United States since 2022. Dkt. 1 ¶¶ 1, 4; Dkt. 1-1 at 3. He entered the United States lawfully on a J-1 Exchange visa in March 2022 and timely filed for asylum. Dkt. 1 ¶ 23. He has an 11-month-old child who is a United States citizen. *Id.* He has work authorization, works as a delivery driver, files taxes, was enrolled part-time at South Puget Sound Community College as a student in the nursing program, is an active member of his church community, and has no criminal history. *Id.* ¶¶ 1, 4.

On August 10, 2026, Immigration and Customs Enforcement ("ICE") agents arrested Mr. Mabembere. Dkt. 1 ¶ 25. On September 17, 2026, Mabembere had a bond hearing before an Immigration Judge ("IJ"). Dkt. 1 ¶ 26. He submitted evidence of his ties to the United States,

including proof of residence, employment information, tax filing information, his son's birth certificate, proof of his asylum application, and letters of support from his partner, church community, and landlord. Dkt. 1-1–1-3. After hearing testimony from Mabembere and Respondents, the IJ concluded that Mabembere was not a danger but was a flight risk. Dkt. 7-1. The entirety of the IJ's reasoning was that Mabembere overstayed his visa and has "limited time and ties" to the community. *Id.* The IJ's written memorandum reiterated this reasoning, explaining that Mabembere "violated his immigration status" and "has very limited time and ties," providing "little incentive" for him "to follow any court orders or notices." Dkt. 1-1 at 4.

On October 19, 2026, Mabembere filed a petition for writ of habeas corpus, arguing that the IJ abused her discretion because "it is clear from the existing record in this case that the IJ's bond denial was constitutionally deficient, because there are no circumstances in which the IJ could plausibly establish that [Mabembere] posted a flight risk." Dkt. 1 (quoting *W.T.M. v. Bondi*, No. 2:25-CV-02428-RAJ-BAT, 2026 WL 262583, at *4 (W.D. Wash. Jan. 30, 2026)). On November 3, 2026, Respondents filed a return to the habeas petition. Dkt. 5. Respondents do not argue that the IJ did not abuse her discretion by finding Mabembere to be a flight risk but instead argue that Mabembere must exhaust his administrative remedies before seeking habeas relief. *Id.* The habeas petition is now ready for review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c); Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

## III. DISCUSSION

### A. Prudential exhaustion is not required.

Ordinarily, before turning to federal court, a litigant must first pursue all options available through the appropriate administrative agency. *See, e.g.*, *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Respondents argue that Mabembere has failed to exhaust his administrative remedies, and the Court should deny his petition on exhaustion grounds. Dkt. 5 at 4–7. Mabembere argues that exhaustion "is not warranted" and, even if it is, "it should be excused." Dkt. 1 at 9–10 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Court agrees with Mabembere. First, in a habeas proceeding, "[t]he exhaustion requirement is prudential, rather than jurisdictional." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Exhaustion may be excused "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void," *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981); *see also Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) ("[W]here the agency's position appears already set and recourse to administrative remedies is very likely futile, exhaustion is not required." (citation modified)).

Here, requiring Mabembere to wait until an appeal to the BIA is resolved would unreasonably prolong his detention and likely prove futile. As this Court has observed, in 2024, the average time for an appeal to be resolved by the BIA was 204 days, and that was before the current surge in immigration detention. *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1307 (W.D. Wash. 2025), *aff'd*, 183 F.4th 1160 (9th Cir. 2026). Respondents argue that "the mere passage of time or the delay inherent in the administrative process is insufficient to establish the type of unique, irreparable harm necessary to waive prudential exhaustion." Dkt. 5 at 7. But Respondents fail to acknowledge that the harm suffered by Mabembere is not merely

the passage of time. It is the passage of time while separated from his partner, his young son, employment, and the opportunity to better prepare for asylum proceedings. Numerous federal courts have found irreparable harm where lengthy processing times would substantially prolong a petitioner's detention. *See, e.g.*, *W.T.M. v. Bondi*, No. 2:25-cv-02428-RAJ-BAT, 2026 WL 262583, at *3 (W.D. Wash. Jan. 30, 2026); *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026); *Garcia Miranda v. Hernandez*, No. 2:26-cv-00906-JNW, 2026 WL 1328227, at *3 (W.D. Wash. May 13, 2026).

**B. The IJ abused her discretion by denying bond.**

While Respondents do not meaningfully contest that the IJ abused her discretion in denying Mabembere bond, *see* Dkt. 5, this Court briefly considers the basis for the IJ's bond denial.

The Court's review of a bond determination by an IJ is limited. While factual questions are unreviewable, a district court may review a habeas challenge to an IJ's application of a legal standard—such as dangerousness or risk of flight—to determine "whether an IJ correctly applied the [legal] standard to a given set of facts." *Martinez v. Clark*, 124 F.4th 775, 782 (9th Cir. 2024) (quoting *Wilkinson v. Garland*, 601 U.S. 209, 221 (2024)). A court may not review underlying factual determinations such as "'credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides,'" but it may review mixed questions of law and fact, "even when [they] are primarily factual[.]" *Id.* at 782–84 (quoting *Wilkinson*, 601 U.S. at 225). Such determinations are reviewed for an abuse of discretion. *Martinez*, 124 F.4th at 784. Under abuse of discretion review, the Court "cannot reweigh evidence," but instead determines whether the immigration judge "applied the correct legal standard." *Id.* at 785.

Under BIA precedent, to determine whether a noncitizen is a danger to the community or a risk of flight, an IJ is supposed to weigh nine factors: (1) whether the noncitizen has a fixed address in the United States; (2) the noncitizen's length of residence in the United States; (3) the noncitizen's family ties in the United States and whether they may entitle the noncitizen to reside permanently in the United States in the future; (4) the noncitizen's employment history; (5) the noncitizen's record of appearance in court; (6) the noncitizen's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the noncitizen's history of immigration violations; (8) any attempts by the noncitizen to flee prosecution or otherwise escape from authorities; and (9) the noncitizen's manner of entry to the United States. *Id.* at 783 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).

Here, neither the IJ's oral decision nor her written order provides a reasoned explanation for the denial of bond or a rational application of the *Guerra* factors to the facts of this case. *See Tadevosyan v. Holder*, 743 F.3d 1250, 1253 (9th Cir. 2014) (holding that, in the context of an immigration appeal, the agency "abuses its discretion . . . when it fails to provide a reasoned explanation for its actions") (quoting *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005)).

Mabembere presented ample evidence to the IJ that he is not a flight risk, including work authorization, a steady job, a U.S. citizen child, an asylum application, and multiple years of living in this country. *See* Dkt. 7-1 at 01:27–3:16. The government acknowledged that Mabembere made a timely asylum claim and has work authorization but argued that Mabembere "has limited ties to the country." *Id.* at 3:38–4:07.

Neither the IJ's oral ruling nor the written order provides a reasoned explanation for why "four years—a facially significant amount of time—qualifies as a short duration." *Mujica-*

*Marquez v. Hoover*, No. 4:26-cv-00623 (M.D. Pa. May 27, 2026), slip op. at 11; *cf. Becerra-Jimenez v. I.N.S.*, 829 F.2d 996, 998 (10th Cir. 1987) (six-year residence is a positive factor weighing in favor of movant). Even if Mabembere's length of residence could be considered short, the IJ provided no reasoning for why it was not outweighed by Petitioner's substantial evidence showing ties to the community and motivation to appear for court.

The IJ's reliance on Mabembere's visa overstay is similarly insufficient. The BIA has explained that a visa overstay "bear[s] little if any relevance to the issue of whether or not the respondent is likely to appear for his deportation proceeding." *Matter of Patel*, 15 I. & N. Dec. 666, 667 (BIA 1976). And relying on a visa overstay as the basis for a bond determination "could result in requiring a bond of almost every" noncitizen "who is held in deportation proceedings." *Id.*

In sum, the Court concludes that the IJ abused her discretion by failing to provide a reasoned explanation for how the undisputed facts establish that Mabembere poses a flight risk. The Court must review the record to "assess whether an IJ correctly applied the statutory standard to a given set of facts." *Martinez*, 124 F.4th at 783 (quoting *Wilkinson*, 601 U.S. at 221); *see also Movsisian*, 395 F.3d at 1098 (when the agency "fails to provide specific and cogent reasons for its decision, we are left without a reasoned decision to review"). Because the IJ failed to provide specific and cogent reasons supporting her flight-risk determination, the Court concludes that release on bond is the appropriate remedy, consistent with the relief ordered by other courts in this district.

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within ONE day of this Order, Respondents must release Petitioner Matare Mabembere from custody with reasonable conditions of supervision.

3. Upon his release, Respondents must return to Mabembere any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4. Respondents shall file a status report by November 12, 2026, confirming that Petitioner Matare Mabembere has been released.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to meet and confer on any fee request before filing a petition.

Dated this 10th day of November, 2026.

Tiffany M. Cartwright
United States District Judge